**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**LENORA CLAY**                                                                              **PLAINTIFF**

V.                              **CASE NO.: 3:09CV00155 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                   **DEFENDANT**

## ORDER

In an order filed October 26, 2010, this Court granted Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,438.64.  (docket entry #22)

Plaintiff's counsel attached a copy of the contract he entered into with Plaintiff to his brief in support of Plaintiff's motion for attorney's fees.  In the contract, Plaintiff assigned her rights to any EAJA fees and costs awarded in her case to her counsel.  (#20-1 at p. 4)  The contract also provides that Plaintiff agreed to have any "checks made payable directly to Anthony W. Bartels and sent directly to his address."  (#20-1 at p. 4)

At the Court's request, the Commissioner has responded to the Plaintiff's request to have the fee award made payable directly to her counsel.  The Commissioner, in his response, contests the validity of the assignment to the extent that it does not comply with the Anti-Assignment Act, 31 U.S.C. § 3727, which provides, among other things, that in order to be valid, an assignment must be made after a claim is allowed and the amount of

the claim is decided.  (#23 at p. 2)  The Commissioner goes on to admit, however, that it is the government's policy and practice to pay the EAJA fee to the Plaintiff, in care of her attorney, and mail a check directly to the attorney.  The commissioner also states that he may "waive strict compliance with the Anti-Assignment Act once the Court issues the Order for EAJA fees payable to Plaintiff, and the Commissioner determines there is no debt."  (#23 at p. 3)

Accordingly, the Court will honor the Plaintiff's assignment to the extent Plaintiff does not owe any debts subject to administrative offset under the Treasury Department's Offset Program ("TOP").  The Commissioner shall contact the Treasury Department to determine whether Plaintiff owes any debt, as of the date of this order.  If Plaintiff owes any dept under the TOP, the Commissioner shall pay the EAJA award to Plaintiff, deducting any offset owed under the TOP.  If Plaintiff does not, however, owe a debt under the TOP, the Commissioner shall make the EAJA award check payable directly to Plaintiff's attorney, Anthony W. Bartels, and mail it to Mr. Bartels.

IT IS SO ORDERED this 30th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE